UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESUS VASQUEZ, a.k.a. JOSUEL PRUDENTE-VASQUEZ,

Petitioner,

v.

A. NEIL CLARK, et al.,

Respondents.

CASE NO. C07-0551-TSZ-MAT

REPORT AND RECOMMENDATION

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jesus Vasquez, also known as Josuel Prudente-Vasquez, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #6). Respondents have filed a Return Memorandum and Motion to Dismiss, arguing that petitioner is lawfully detained under the Attorney General's discretion under Section 241 of the Immigration and Nationality Act ("INA") because he is subject to an administratively final order of removal. (Dkt. #14).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #6) be DENIED and respondents' motion to dismiss (Dkt. #14) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States on or about February 1, 1993, as an immigrant. (Dkt. #16 at L16). On March 5, 2001, petitioner was convicted of inflicting corporal injury on his wife in violation of Section 273.5 of the California Penal Code, and was sentenced to a two year prison term. *Id.* (Dkt. #16 at L114). On June 12, 2002, the former Immigration and Naturalization Service[1] ("INS") issued a Notice to Appear, charging him with deportability as an alien convicted of an aggravated felony and a crime of domestic violence. (Dkt. #16 at L16). An Immigration Judge ("IJ") found that petitioner was deportable as charged and that he was not eligible for relief from deportation, and ordered him deported to Mexico. (Dkt. #16 at L131-33). Petitioner was subsequently deported to Mexico. (Dkt. #16 at L200).

Although petitioner was barred from reentering the United States, he illegally reentered after his deportation. On May 30, 2006, ICE issued a Notice to Appear which alleged that petitioner was ordered removed on December 18, 2002, and that he illegally reentered at an unknown time and place within ten years of the date of his departure or removal. (Dkt. #16 at L111, L60-61). On October 11, 2006, petitioner appeared with counsel at a hearing before an IJ. (Dkt. #16 at L156-194). The IJ found that petitioner was removable as charged and ordered him removed to Mexico. (Dkt. #16 at L264). Petitioner appealed the IJ's order to the Board of Immigration Appeals ("BIA"). On January 26, 2007, the BIA affirmed the IJ's decision and dismissed the appeal. (Dkt. #16 at L280-81). On March 1, 2003, petitioner filed a Petition for Review of the BIA's decision in the Ninth Circuit Court of Appeals. *Vasquez v. Gonzales*, No. 07-70821 (9th Cir. filed March 1,

---

[1]Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

2001). When petitioner filed the petition for review, he also filed a Motion for Stay. Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue. On August 1, 2007, the Ninth Circuit dismissed the case for failure to prosecute under Circuit Rule 42-1, and the Ninth Circuit mandate issued, lifting the temporary stay. *See id.*

III. DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). S*ee also Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)("When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").

Under Section 241(a)(6), the Attorney General may detain an alien who has been determined by the Attorney General to be a risk to the community or unlikely to comply with a removal order beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether this post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701.

After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id*. at 701. The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

In the present case, the Ninth Circuit mandate issued on August 1, 2007, thereby

commencing the removal period.[2] *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period will expire on or about November 1, 2007, and the six month presumptively reasonable period will expire on or about February 1, 2008. As petitioner's detention is lawful, the Court must deny habeas relief. *See Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 11th day of October, 2007.

MARY ALICE THEILER
United States Magistrate Judge

[2]The court notes that petitioner filed a motion for reconsideration in the Ninth Circuit on August 13, 2007. *See Vasquez v. Gonzales*, No. 07-70821 (9th Cir. filed March 1, 2001). However, nothing in the Circuit Rules or the Federal Rules of Appellate Procedure indicates that the filing of a motion for reconsideration stays the mandate of the court. *See* FRAP Rule 41; C.R. 27.10(a); C.R. 41.1; C.R. 42.1.